UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|   *vs*. | ) | 1:11-cr-0042-JMS-KPF-01 |
| | ) | |
| TIMOTHY S. DURHAM, | ) | |
|    *Defendant.* | ) | |

## **ORDER**

Presently before the Court is Defendant Timothy S. Durham's Motion to Suppress Wiretap and Derivative Evidence from Failure to Minimize Calls and Because the Wiretap Was Sought for a Non-Predicate Offense. [Dkt. 175.] Neither of Mr. Durham's Co-Defendants has joined in the motion. [*See* dkts. 186; 197.]

The Court has already ruled on several pre-trial motions that Mr. Durham has filed. [*See* dkts. 281; 284; 285; 290.] In those opinions, the Court considered but rejected most of the same arguments that Mr. Durham raises in this motion. The Court can, therefore, be brief.

Although Mr. Durham argues here that no probable cause existed for a wiretap to investigate allegations of bank or wire fraud, [*see* dkt. 176 at 5], the Court has found otherwise, [dkt. 290].

Further, the Court finds as a matter of fact that Mr. Durham has been unable to establish his claim that the "real" purpose of the wiretap was to investigate securities fraud. Indeed the Court notes that Mr. Durham did not explore this motion at the omnibus evidentiary hearing that the Court held, choosing to rest on his papers instead. While those papers note that a post-wiretap search warrant referenced securities fraud and dropped references to bank fraud, [*see* dkt. 176 at 13], that change does not ultimately support Mr. Durham's claim that securities fraud was the target all along. For example, the Court notes that both the wiretap application and the

search warrant application sought to (and did) establish probable cause for wire fraud, [*see* dkts. 154-1; 169-1]. Mr. Durham does not (and cannot) dispute that wire fraud is an appropriate predicate offense for wiretap purposes. Thus, at a minimum, a good-faith investigation into wire fraud existed at the time of the wiretap application. Mr. Durham's claim therefore fails.

Mr. Durham's other claim argues a violation of 18 U.S.C. § 2518(5)'s minimization requirement—that is, that only relevant telephone calls be subject to the wiretap. *See generally United States v. Mansoori*, 304 F.3d 635, 646 (7th Cir. 2002) ("What the minimization requirement means, essentially, is that once the monitoring agent has had a reasonable opportunity to assess the nature of an intercepted communication, he or she must stop monitoring that communication if it does not appear relevant to the government's investigation."). While Mr. Durham does not challenge the minimization protocol that the wiretap authorization imposed, he argues that the Government failed to adequately follow it. In support of that claim, he has provided the Court with a list of individuals who had their calls with Mr. Durham wiretapped, calls that Mr. Durham contends were irrelevant to the Government's investigation. [*See* dkt. 176-1.][1]

Because Mr. Durham has not provided the Court with the transcripts of those allegedly non-minimized calls and because he did not explore the matter with Special Agent Halliden at the evidentiary hearing, Mr. Durham has not provided the Court with the requisite evidentiary record to evaluate his claim—even after the Government complained in its response brief that Mr. Durham's failure to do so deprived the Government of the ability to meaningfully respond, [*see* dkt. 213 at 12]. The Court will not scour to record to set up arguments that Mr. Durham could and should have made in his brief and/or at the evidentiary hearing. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried

---

[1] Even if he had specifically challenged the minimization protocol, the Court would reject the challenge. *Mansoori*, for example, upheld a similar minimization protocol. 304 F.3d at 646.

in [the record]."). The Court finds any complaint about minimization waived for lack of cogent development or, in the alternative, as unsupported by the evidence that was in the record and called to the Court's attention.

        Mr. Durham's motion, [dkt. 175], is **DENIED**.

05/16/2012

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**